KING & SPALDING

King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
www.kslaw.com

James W. Boswell
Partner
Direct Dial: +1 404 572 3534
jboswell@kslaw.com

September 2, 2026

**VIA ECF**

Hon. John M. Gallagher
United States District Judge
United States District Court for the
Eastern District of Pennsylvania
504 W. Hamilton Street, Suite 4701
Allentown, PA 18101

**Re: *Thomas Jefferson University dba Jefferson Health and Lehigh Valley Physician Hospital Organization, Inc. v. Aetna Health Inc.*, Civil Case No. 5:26-cv-02215-JMG**

Dear Judge Gallagher:

We represent Plaintiffs Thomas Jefferson University dba Jefferson Health ("Jefferson Health") and Lehigh Valley Physician Hospital Organization, Inc. ("LVPHO") (collectively, the "Hospitals" or "Plaintiffs") in the above-referenced matter. Pursuant to your August 18, 2026 order (ECF No. 45), Plaintiffs hereby submit the following issues they intend to address at the September 21, 2026 oral argument.

## I. PLAINTIFFS' MOTION FOR EXPEDITED DECLARATORY RELIEF

With respect to Plaintiffs' Motion for Expedited Declaratory Relief (ECF Nos. 8, 27), Plaintiffs intend to address the following issues and points at oral argument:

- **The Two Midnight Rule, Not Commercial Screening Criteria, Governs Coverage for Inpatient Services** – The Two Midnight Rule, 42 C.F.R. § 412.3, is a regulation issued by the Centers for Medicare & Medicaid Services ("CMS"). The Two Midnight Rule entitles the Hospitals to inpatient reimbursement when the patient's admission meets federal coverage criteria. Federal law requires Medicare Advantage plans—including Aetna's—to apply the Two Midnight Rule and prohibits substituting commercial screening criteria such as Milliman Care Guidelines ("MCG"). CMS specifically stated that "MA plans may not

use . . . MCG criteria, or similar products, to change coverage or payment criteria already established under Traditional Medicare laws." 88 Fed. Reg. 22120, 22194 (April 12, 2023).

- **Aetna's LOS Policy Violates the Two Midnight Rule** – Aetna's Level of Severity Inpatient Payment Policy ("LOS Policy") purports to authorize inpatient admissions yet pays at a reduced severity rate for one- to four-midnight stays that Aetna determines do not satisfy MCG, substituting a commercial screening tool for the physician's clinical expectation and imposing a two-tier payment structure not found in the Two Midnight Rule or the parties' Agreements.

- **Aetna's Position regarding the Two Midnight Rule is Wrong** – Aetna admits that MA Plans must cover "at least those items and services covered under Traditional Medicare." (ECF 27 at 3). But Aetna misreads the "Non-Interference Clause" and wrongly asserts that "the payment aspects of the Two Midnight Rule do not apply to MAOs." (ECF No. 27 at 9).

- **The Parties' Agreements Require Compliance with the Two Midnight Rule** – The Agreements require Aetna to comply with all applicable laws and regulations and pay for covered services. The Agreements forbid unilateral amendments, which is what Aetna's LOS Policy effectively is.

- **The Agreements Do Not Allow Aetna to Change Payment Terms through a "Policy"** – Aetna wrongly argues that Section 5.1 of the Agreements requires compliance with all of Aetna's "policies," including the LOS Policy that changes payment terms. The Hospitals are not required to comply with a "policy" that violates federal law and the terms (including payment terms) of the Agreements.

- **An Expedited Declaration Will Streamline Resolution of the Case** – The Hospitals' request for declaratory judgment goes directly to the legality and contractual permissibility of the Aetna LOS Policy. If the Court declares the Aetna LOS Policy unlawful or inapplicable absent amendment, Aetna must cease applying it, limiting further controversy, confusion, and burden.

- **An Expedited Declaration is Necessary to Relieve the Hospitals from Ongoing and Untenable Uncertainty** – Aetna's LOS Policy inflicts immediate and continuing harm on the Hospitals in various forms. For instance, the Hospitals' physicians are diverted from providing patient care to handle longer phone calls with Aetna's medical directors about whether screening criteria are met. (ECF No. 1 ¶¶ 62). Physicians are also diverted from patient care when they are called upon to review medical criteria review paperwork. And the Hospitals' utilization management teams are also strained from having to track and challenge Aetna's recurring denials in the name of its unlawful "Policy." (ECF No. 1 ¶¶ 61). Aetna contends that no more than money damages are at issue and that the Hospitals are not suffering any continuing harm. That is wrong. Even if Aetna were to fully reimburse the Hospitals for past underpayments, the ongoing harm and uncertainty that Aetna's LOS Policy creates would continue to afflict the Hospitals.

- **Declaratory Relief Is Appropriate Under the Rule 57 Standard** – The Hospitals satisfy the requirements for declaratory relief under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. The requested declaration will serve a useful purpose in clarifying and settling the legal relations at issue and will afford relief from the ongoing uncertainty and insecurity caused by Aetna's continued application of the LOS Policy. The Hospitals do not seek a declaration solely adjudicating past conduct; rather, the declaration addresses the parties' rights going forward under a continuing contractual relationship, making declaratory relief particularly appropriate.

## II. DEFENDANT'S MOTION TO COMPEL ARBITRATION

With respect to Defendant's Motion to Compel Arbitration (ECF Nos. 12, 15, 23, 38, 42), Plaintiffs intend to address the following issues at oral argument:

- **The Agreements Exclude from Arbitration All Claims Seeking Forms of Non-Monetary Relief** – The arbitration clauses in the Agreements provide that "[a]rbitrators may award only monetary relief." Jefferson Agreement § 8.3.5; LVPHO Agreement § 8.5.5. The Agreements further ***carve out*** from arbitration all claims "seeking temporary, preliminary, or permanent injunctive relief or any other form of equitable relief." Jefferson Agreement § 8.3.1; LVPHO Agreement § 8.5.1. Here, the Hospitals seek specific performance, a declaratory judgment, and injunctive relief against Aetna—all of which are forms of non-monetary relief that are expressly excluded from an arbitrator's jurisdiction under the Agreements. Aetna misreads the arbitration clauses in the Agreements by arguing that only specific forms of relief (and not claims or controversies) fall outside of an arbitration's jurisdiction. That is wrong. Read in context, the arbitration clauses apply to "any controversy or claim . . . ***except for those*** seeking temporary, preliminary, or permanent injunctive relief or any other form of equitable relief[.]" LVPHO Agreement § 8.5.1; Jefferson Agreement § 8.3.1 (requiring arbitration of "all controversies or claims . . . ***except for those*** seeking temporary, preliminary, or permanent injunctive relief or any other form of equitable relief[.]"). Aetna invites the Court to ignore the plain language of these arbitration clauses and to make a different deal for Aetna than the one it negotiated.

- **The Relief the Hospitals Seek is Prospective and Non-Monetary** – The Hospitals' claims for a declaratory judgment and specific performance seek non-monetary relief, which places them outside the scope of the arbitration clauses and properly in a judicial forum. Aetna's characterization of this dispute as one seeking "payment of money under the Agreements" (ECF No. 12-1 at 3, 8, 9, 11) distorts the relief actually requested.

    - Declaratory Judgment – The Hospitals seek a declaration clarifying the parties' rights and obligations under the Agreements—specifically, that Aetna may not refuse coverage for inpatient admissions via the LOS Policy without a contractual amendment. This is a non-monetary, forward-looking remedy designed to resolve the ongoing uncertainty under which the Hospitals operate, not an adjudication of past liability for money damages. A declaration is not a monetary remedy but a different form of remedy. *Walker Process Equip., Inc. v. FMC Corp.*, 356 F.2d 449, 451 (7th Cir. 1966) (noting that the Declaratory Judgment Act "created no new

rights, but rather created a new remedy with which to adjudicate existing rights."). Under the Agreements, an arbitrator is powerless to award the Hospitals a declaration, and that is why they seek it from this Court.

- Specific Performance and Injunctive Relief – The Hospitals seek specific performance requiring Aetna to comply with the terms of the Agreements and an injunction enjoining Aetna from implementing the LOS Policy. Money damages are inadequate to remedy the ongoing harms the Hospitals face, including the continuing diversion of physician time from patient care, mounting administrative burden on utilization management teams, and patient confusion—which are not compensable through monetary damages and that will continue absent court intervention. The continuing nature of the harm to the Hospitals from Aetna's LOS Policy is the reason they seek specific performance.

- **The Arbitration Clauses in the Agreements Do Not Simply Carve Out Equitable Relief as "An Aid to Arbitration"** – Aetna argues that the equitable relief exception merely permits the parties to seek equitable relief "in aid of" arbitration—meaning that the Hospitals must first arbitrate the underlying legal questions before seeking equitable relief in court. This misreads the Agreements and renders the express limitation that "[a]rbitrators may award only monetary relief" superfluous. The arbitration clause does not actually contain any language that limits injunctive relief to be "in aid of arbitration." The language to which the parties agreed actually makes claims for non-monetary relief ***non-arbitrable.***

- **The Parties Did Not Delegate the Question Arbitrability of Non-Monetary Claims to the Arbitrator** – The nearly identical arbitration clauses only incorporate the AAA Commercial Arbitration Rules or the AHLA Rules for arbitrable claims. Despite Aetna's assertions to the contrary, the arbitration clauses provide that "***any controversy or claim*** arising out of or relating to this Agreement or the breach, termination, or validity thereof, ***except for those seeking temporary, preliminary, or permanent injunctive relief or any other form of equitable relief***[,]" LVPHO Agreement § 8.5.1, will be resolved in arbitration in accordance with AAA Commercial Arbitration Rules (LVPHO Agreement) or AHLA Rules (Jefferson Agreement). These clauses do not incorporate AAA or AHLA rules for the adjudication of claims seeking non-monetary relief. The Court should reject Aetna's inaccurate and self-serving reading of the arbitration clauses. The Agreements vest questions of arbitrability in an arbitrator at most for controversies and claims that seek monetary relief, which is all the Agreements empower an arbitrator to award. LVPHO Agreement § 8.5.5; Jefferson Agreement § 8.3.5.

***

We appreciate the Court's time and attention to these matters. We look forward to discussing them with you at the oral argument on September 21, 2026.

Respectfully,

James W. Boswell
Counsel for Plaintiffs

cc: All Counsel of Record