IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS JEFFERSON UNIVERSITY, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>AETNA HEALTH INC.,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 5:26-cv-02215-JMG |

**ORDER**

**AND NOW**, this 17th day of November, 2026, upon consideration of Plaintiffs' Motion for Expedited Declaratory Relief (ECF No. 8), Defendant's Response and Memorandum in Opposition to Plaintiffs' Motion (ECF No. 27), and the Parties positions presented during oral argument on September 21, 2026, **IT IS HEREBY ORDERED** that Plaintiffs' Motion (ECF No. 8) is **DENIED**.[1]

[1] The general facts of this case involve disputes over a new payment policy implemented by Defendant Aetna Health Inc. ("Aetna" or "Defendant") for its coverage of claims for certain Medicare patients. Aetna is a Medicare Advantage Organization. *See* Complaint, ECF No. 1 ("Compl.") at ¶¶ 9-10. In this capacity, it administers benefits for beneficiaries that enroll in its Medicare Advantage plans, offered under Part C of the Medicare Act. *See id.* at ¶¶ 3, 9-10. Aetna has entered into contracts with Plaintiffs Thomas Jefferson University ("Jefferson Health") and Lehigh Valley Physician Hospital Organization, Inc. ("LVPHO") (collectively, the "Hospitals" or "Plaintiffs") for Plaintiffs to provide services to Aetna's commercial and Medicare Advantage members. Under the agreements, Aetna reimburses the Hospitals for services rendered according to certain predefined policies and procedures. *See id.* at ¶¶ 18, 26.

Plaintiffs allege that Aetna implemented a new "Level of Severity Inpatient Payment Policy" (the "Policy") effective January 1, 2026, which changes the reimbursement method for inpatient stays between one and four midnights for patients "urgently or emergently admitted to a hospital." *See id.* at ¶¶ 45-46. According to the updated Policy, Aetna will authorize the inpatient stay but will reimburse Plaintiffs at a lower "level of severity rate" if the inpatient stay does not meet certain screening criteria. *See id.* at ¶ 47.

Plaintiffs filed a Complaint alleging that Aetna's new Policy violates federal law – specifically the "Two Midnight Rule" which enunciates certain coverage requirements for inpatient stays – as well as the agreements between the Parties. *See id.* at ¶¶ 1-3. Plaintiffs included

a claim for breach of contract as well as a separate claim seeking a declaratory judgment. *See id.* at ¶¶ 80, 90. Plaintiffs seek "an expedited declaratory judgment that Aetna's 'Policy' violates federal law, i.e., the Two Midnight Rule, and that Aetna cannot apply the 'Policy' as to the Hospitals without a contractual amendment." *See id.* at ¶ 90. Plaintiffs filed the instant Motion for Expedited Declaratory Relief in which they seek an expedited hearing with only limited discovery for its declaratory relief claim. Pl. Br. in Supp. of Mot. for Expedited Declaratory Relief (ECF No. 8-1) ("Pl. Br.") at 11. Defendants oppose Plaintiffs' Motion. Def. Resp. and Mem. of Law in Opp. to Pl. Mot. for Expedited Declaratory Relief (ECF 27) ("Opp."). The Parties additionally presented the Court with oral argument on September 21, 2026. *See* ECF No. 48.

Rule 57 provides "[t]he court may order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. P. 57. "[D]istrict courts have universally held that they have 'broad discretion' in deciding whether expedited proceedings are warranted and that this discretion stems from their 'inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.'" *Cnty. of Butler v. Wolf*, No. 2:20-CV-677, 2020 WL 2769105, at *2 (W.D. Pa. May 28, 2020) (quoting *Walsh/Granite JV v. HDR Engineering, Inc.*, 2018 WL 10228381 (W.D. Pa. Jan. 3, 2018)). "In determining whether to hold an expedited hearing, courts have considered whether expedited proceedings would narrow or resolve the issues in the matter." *Williams v. Elliott*, No. 18-5418, 2025 WL 4102906, at *1, n.2 (E.D. Pa. May 14, 2025). Courts have also found expedited relief appropriate where the "determination is largely one of law, and factual issues (while expedited discovery is permitted and frequently granted) are not predominant." *Cnty of Butler*, 2020 WL 2769105, at *2.

Plaintiffs argue an expedited hearing is appropriate because their claim for declaratory relief focuses on legal, and not factual issues. *See id.* at 7. Specifically, Plaintiffs argue the claim only requires the Court to address whether Aetna's Policy violates the Two Midnight Rule and whether the Policy is an improper unilateral amendment to the contract. *See id.* at 7-10. Plaintiffs contend these issues turn on "federal regulatory text, contract documents in both parties' possession, and Aetna's written 'Policy'" and therefore no extended discovery is needed. *Id.* at 11. Plaintiffs further argue expedited relief is necessary to address the "substantial administrative burdens" resulting from Aetna's Policy. *See id.* at 7. Plaintiffs allege that the Policy has led to numerous appeals of coverage determinations which cause inefficiencies as well as patient confusion for patients who may have to wait months before a bill can be prepared. *See id; see also* ECF No. 8-2 (Declaration of Stacey Lacey); ECF No. 8-3 (Declaration of Shelly McCafferty).

Defendant responds that expedited relief is not appropriate because Plaintiffs' claim implicates several factual issues. *See* Opp. at 12-13. For example, Defendant identifies the fact that the agreements require Plaintiffs to use "best efforts" to comply with Aetna Policies regardless of a contractual amendment and require the parties to negotiate amendments to the agreements in "good faith." *See* Opp. at 12. Defendant contends these issues require factual determinations that must be addressed through discovery. *Id.* at 12-13. Even in determining whether the Policy violates federal law, Defendant argues that the parties will have to address issues of fact including how Aetna is using clinical criteria to determine coverage. *See id.* at 13. Defendant further argues Plaintiffs' alleged harm does not overcome the prejudice to Aetna which would result from an expedited hearing of the issues. *See id.* at 14-16.

The Court agrees with Defendant. Defendant has identified multiple factual issues for which Defendant is entitled to engage in fulsome discovery. Moreover, while Plaintiffs have

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

alleged some administrative burdens resulting from the Policy, they have not identified any harms sufficient to necessitate an expedited hearing. Indeed, as Defendant highlights, Plaintiffs did not file the present Complaint until four months after the Policy was implemented. *See id.* at 15. Therefore, the Court will deny Plaintiffs' request for expedited declaratory relief.